arated, and that she had not seen him since 1945. The long absence of Luis Ochoa for twenty-two years before the 1967 common-law marriage, without any proof that he was still alive at that time, gave rise to the presumption of his death. Tex.Rev.Civ. Stat.Ann. art. 5541; *Zurich Gen. Accident & Liability Ins. Co. v. Hill*, 251 S.W.2d 948 (Tex.Civ.App.—Texarkana 1952, writ ref'd n.r.e.); *see also* O. Speer, *supra* at § 1:45; 1 R. Ray Texas Law of Evidence § 83 (Texas Practice 3d ed. 1980).

The court of civil appeals was in error in its holding that there was no evidence of an undissolved common-law marriage between Patricio and Carolina and in rendering judgment that no such marriage arose. We reverse the judgment of the court of civil appeals and remand the cause to that court to pass upon the factual insufficiency and the great weight of the evidence points that were presented to that court but not decided.

## PER CURIAM.

This suit involves the claim of petitioners Higgins and Eddings to an undivided one-half interest in real estate, the breach of a lease contract by which Higgins was the lessee on the real estate, a request for an accounting and damages, and a partition. Trial was to a jury which found, among other things, that respondent Triangle Distributing Company, Inc. was in peaceable and adverse possession of the land in question under title or color of title for a period of three years. The trial court rendered judgment vesting the title and possession in the real estate to Triangle Distributing Company, Inc. The Court of Civil Appeals reversed and remanded because Triangle Distributing Company's legal title alone was not sufficient to support the three-year statute of limitations. 602 S.W.2d 353.

The application for writ of error is refused, no reversible error. This action is not to be construed as approving the language of the Court of Civil Appeals that Winston Black, by stating that he would repurchase Higgins and Eddings' interest in the disputed property had repudiated their claim of joint ownership, and that Triangle Distributing Company was thereafter holding adversely.

**Albert R. EDDINGS and Simeon D. Higgins, Petitioners,**

v.

**Winston L. BLACK, Sr., et al., Respondents.**

**No. B–9763.**

Supreme Court of Texas.

Feb. 11, 1981.

Rehearing Denied April 29, 1981.

Brewster & Mayhall, Jack L. Brewster, El Paso, for petitioners.

San C. Cox, Jr., Peticolas, Luscombe, Stephens & Windle, W. C. Peticolas, El Paso, for respondents.

**Vicente Athie ROMO et ux, Petitioners,**

v.

**AUSTIN NATIONAL BANK, Respondent.**

**No. B–9471.**

Supreme Court of Texas.

Feb. 18, 1981.

Rehearing Denied March 18, 1981.